```
                    FILED
           CLERK, U.S. DISTRICT COURT

              November 18, 2014

          CENTRAL DISTRICT OF CALIFORNIA
          BY:      J.B.       DEPUTY
```

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **LESTER A. FAWKES,** | CASE NO. LA CV 14-08778-VBF (RZ) |
| Petitioner, | ORDER |
| v. | Referring Second-or-Successive Habeas Petition to U.S. Court of Appeals Per Ninth Circuit Rule 22-3(a) and |
| J. BEARD, SECRETARY OF CDCR, | |
| Respondent. | Summarily Dismissing Habeas Petition Without Prejudice for Lack of Subject-Matter Jurisdiction |

    Proceeding *pro se*, California state prisoner Lester A. Fawkes ("petitioner") has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. section 2254. Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Rule 4") provides that "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." Based on the record (including facts as to which this Court takes judicial notice as detailed below) and the applicable law, this action will be summarily dismissed without prejudice for lack of jurisdiction because petitioner did not obtain the requisite authorization from the Court of Appeals to file a second-or-successive federal habeas petition. Further, the Clerk of the Court will be directed to refer the current petition to the United States Court of Appeals for the Ninth Circuit ("the Ninth Circuit") as required by Ninth Circuit Rule 22-3(a).

Petitioner attacks his 1998 California state-court conviction for murder with the use of a firearm. But Petitioner previously challenged that conviction on habeas review in this court in 2000. The Court dismissed the 2000 action with prejudice and denied a certificate of appealability ("COA"). *See Fawkes v. Castro*, No. LA CV 00-10770-AHM-RZ (Judgment filed Dec. 24, 2001). The Court of Appeals granted a COA as to petitioner's claim that the state appellate court committed AEDPA error in denying his claim that the evidence presented at trial was insufficient to support his conviction for first-degree murder. In 2004, however, the Circuit affirmed this Court's decision denying that claim, and the United States Supreme Court denied petitioner's ensuing petition for writ of *certiorari*. *See Fawkes v. Castro*, 97 F. App'x 781 (9th Cir.) (Browning, Rymer, Graber), *cert. denied*, 543 U.S. 1026, 125 S. Ct. 668 (2004).

In 2006 and again in 2007, Petitioner sought the Ninth Circuit's authorization to file a second habeas corpus petition in this Court, but the appellate court denied relief both times (in its case numbers 06-73920 and 07-74816). So far as the record reflects, petitioner has not returned to the Ninth Circuit with regard to the 1998 California conviction in question since then.

**ANALYSIS: DISMISSAL DUE TO ABSENCE OF LEAVE TO FILE FROM CIRCUIT**

Before a habeas petitioner may file a second or successive petition in a district court, he must apply to the appropriate court of appeals for an order authorizing the district court to consider the application. *See Burton v. Stewart*, 549 U.S. 147, 152-53, 127 S. Ct. 793 (2007) (citing 28 U.S.C. § 2244(b)(3)(A)). This provision "creates a 'gatekeeping' mechanism for the consideration of second or successive applications in district court." *Felker v. Turpin*, 518 U.S. 651, 657, 116 S. Ct. 2333 (1996). A district court lacks jurisdiction to consider the merits of a second or successive habeas petition in the absence of proper authorization from the appropriate U.S. Court of Appeals. *See Cooper v. Calderon*, 274 F.3d 1270, 1274 (9th Cir. 2001) (per curiam) (citing *United States v. Allen*, 157 F.3d 661, 664 (9th Cir. 1998)).

The U.S. Court of Appeals may authorize the filing of a second or successive petition only if it determines that the petition makes a prima facie showing that at least one claim within the petition satisfies the requirements of 28 U.S.C. § 2244(b), *i.e.*, (1) that a claim which was not presented in a prior application relies on a new rule of constitutional law, made retroactive to cases on collateral review by the

Supreme Court; or (2) that the factual predicate for the claim could not have been discovered previously through the exercise of due diligence and the facts underlying the claim would be sufficient to establish that, but for constitutional errors, no reasonable factfinder would have found the applicant guilty of the underlying offense. *See Nevius v. McDaniel*, 104 F.3d 1120, 1120-21 (9th Cir. 1997); *Nevius v. McDaniel*, 218 F.3d 940, 945 (9th Cir. 2000).

A second or subsequent habeas petition is not considered "successive" if the initial habeas petition was dismissed for a technical or procedural reason, rather than on the merits. *See Slack v. McDaniel*, 529 U.S. 473, 485-487, 120 S. Ct. 1595 (2000) (second habeas petition not "successive" if initial habeas petition dismissed for failure to exhaust state remedies); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 643-645, 118 S. Ct. 1618 (1998) (second habeas petition not "successive" if claim raised in first habeas petition dismissed as premature); *but see McNabb v. Yates*, 576 F.3d 1028, 1030 (9th Cir. 2009) (untimeliness dismissal constitutes disposition on the merits rendering subsequent petition "second or successive"); *Henderson v. Lampert*, 396 F.3d 1049, 1053 (9th Cir. 2005) (dismissal on procedural-default grounds constitutes disposition on the merits for this purpose); *Plaut v. Spendthrift Farm, Inc.*, 514 U.S. 211, 228, 115 S. Ct. 1447 (1995) (dismissal for failure to prosecute treated as judgment on the merits) (citations omitted).

Petitioner's first federal habeas petition with respect to the 1998 conviction was denied on its merits, not for a technical or procedural reason within the meaning of the Ninth Circuit cases interpreting *Slack v. McDaniel*. Accordingly, the current federal petition is second or successive. Since petitioner filed the current federal petition without authorization from the Ninth Circuit, this Court lacks jurisdiction and must dismiss the habeas petition without prejudice on that basis.

**ANALYSIS: PETITION MUST BE REFERRED TO U.S. COURT OF APPEALS**

Ninth Circuit Rule 22-3(a) clearly states that "[a]ny petitioner seeking authorization to file a second or successive 2254 petition . . . in the district court must file an application in the Court of Appeals demonstrating entitlement to such leave under 28 U.S.C. § 2254 . . . . If a second or successive petition . . . is mistakenly submitted to the district court, the district court shall refer it to the [C]ourt of [A]ppeals." It is a venerable principle of construction that the word "shall" indicates that the action is mandatory. *See*

*Sebelius v. Auburn Regional Med. Ctr.*, – U.S. –, 133 S. Ct. 817, 824 (2013); *Gonzales v. Thaler*, – U.S. –, 132 S. Ct. 641 (2012); *Nat'l Ass'n of Homebuilders v. Defenders of Wildlife*, 544 U.S. 644, 661, 127 S. Ct. 2518 (2007). "Therefore, when confronted with a second or successive habeas petition attacking the same conviction or sentence as a prior federal habeas petition which was denied on the merits, a district court has no choice but to 'refer' the petition to the U.S. Court of Appeals for the Ninth Circuit." *Smith v. United States*, ED CV 11-00521 Doc. 29 at 9 (C.D. Cal. July 23, 2014). "Failure to do so would violate the plain language of Ninth Circuit Rule 22-3(a)." *Taylor v. Gonzales*, 2014 WL 4826167, *3 (C.D. Cal. Sept. 22, 2014).

**The question then arises whether the Court can both "refer" this petition to the Ninth Circuit and then dismiss the action here without prejudice due to petitioner's failure to obtain leave from the Circuit to file a second-or-successive habeas petition.** Petitioner's failure to obtain leave to file from the Circuit justifies dismissal without prejudice, and Ninth Circuit Rule 22-3(a) plainly requires the Court to refer the petition to the Circuit. "Perceiving no legal or practical conflict between these two courses of action, the Court will continue its . . . practice of both dismissing the petition and referring it to the Circuit." *Batchelor v. Yates*, No. LA CV 09-01752-VBF Doc. 41 at 9 (C.D. Cal. July 31, 2014); *see, e.g., Garcia v. Busby*, 2014 WL 2761333 (C.D. Cal. June 17, 2014); *Cielto v. Hedgpeth*, 2014 WL 1801110 (C.D. Cal. Apr. 23, 2014); *Valentine v. Lewis*, 2014 WL 1419292 (C.D. Cal. Apr. 14, 2014); *Edwards v. Koehn*, 2014 WL 1794932 (C.D. Cal. Apr. 11, 2014); *De Adams v. Hedgpeth*, 2014 WL 1806314 (C.D. Cal. Apr. 9, 2014).

**This is consistent with the practice of at least fourteen other district judges in our district.** *See, e.g., Miles v. Gonzales*, 2014 WL 2014 WL 4543564 (C.D. Cal. Sept. 11, 2014) (Pregerson, J.); *Varnado v. Paramo*, 2014 WL 3845137 (C.D. Cal. Aug. 4, 2014) (Otero, J.); *Miller v. Biter*, 2014 WL 3810234 (C.D. Cal. July 31, 2014) (Real, J.); *McKenzie v. Valenzuela*, 2014 WL 3109806 (C.D. Cal. July 7, 2014) (Snyder, J.); *Brock v. Montgomery*, 2014 WL 2812315, *1 (C.D. Cal. June 23, 2014) (O'Connell, J.) ("[T]his action is dismissed without prejudice for lack of jurisdiction because Petitioner did not obtain the requisite authorization from the Court of Appeals to file a successive petition. Further, the Clerk of Court is directed to refer the . . . Petition to the United States Court of Appeals . . . pursuant to Ninth Circuit Rule 22-3(a)."); *Perez v. Holland*, 2014 WL 1466857 (C.D. Cal. Apr. 14, 2014) (Carney, J.);

*Castaneda v. Long*, 2014 WL 996490, *1 (C.D. Cal. Mar. 13, 2014) (Anderson, J.); *Blanco v. Valenzuela*, 2014 WL 111453 (C.D. Cal. Jan. 9, 2014) (Walter, J.); *Parham v. Diaz*, 2013 WL 5310760, *1 (C.D. Cal. Sept. 19, 2013) (Klausner, J.); *Reed v. Roe*, 2013 WL 1970240, *1 (C.D. Cal. May 10, 2013) (Wright, J.); *Jones v. Harris*, 2013 WL 1390036, *1 (C.D. Cal. Mar. 15, 2013) (Wilson, J.); *Jones v. Harrington*, 2012 WL 2573207, *1 (C.D. Cal. June 29, 2012) (Gee, J.); *Olvera v. Gonzales*, 834 F. Supp.2d 944, 945 (C.D. Cal. 2011) (Hatter, Sr. J.); *Henderson v. Walker*, 2011 WL 1706775, *1 (C.D. Cal. May 5, 2011) (Stotler, Sr. J.).

## ORDER

Pursuant to Ninth Circuit Rule 22-3(a), the Court **REFERS** this matter to the U.S. Court of Appeals for the Ninth Circuit for consideration as an application for leave to file a second-or-successive habeas petition.

The Clerk of Court **SHALL SEND** a copy of the habeas corpus petition and a copy of this Order to the U.S. Court of Appeals for the Ninth Circuit.

The Clerk of Court **SHALL PROVIDE** "petitioner with a form recommended by the Ninth Circuit for filing an Application for Leave to File Second or Successive Petition Under 28 U.S.C. § 2254 or Motion Under 28 U.S.C. § 2255."[1]

This action is then **DISMISSED without prejudice** due to petitioner's failure to obtain leave from the Ninth Circuit to file a second-or-successive habeas corpus petition in this Court.

---

[1] *See Walker v. Ryan*, 2014 WL 413055, *2 (D. Ariz. Feb. 4, 2014); *accord Gwyn v. US*, 2014 WL 1330029, *1 (M.D. Fla. Apr. 1, 2014) ("The Clerk of Court is directed to send Petitioner the Eleventh Circuit's application form for leave to file a second or successive § 2255 motion under 28 U.S.C. § 2244(b).").

The Court will deny a certificate of appealability by separate order issued contemporaneously with this order. Accordingly, this order will not be appealable unless petitioner obtains a certificate of appealability from the U.S. Court of Appeals for the Ninth Circuit.[2]

"The Clerk of Court shall close this case. If the Ninth Circuit Court of Appeals subsequently authorizes the filing of this second or successive [habeas petition] with this Court, the case will be reopened."[3]

IT IS SO ORDERED.

DATED:    November 18, 2014

*Valerie Baker Fairbank*

VALERIE BAKER FAIRBANK
UNITED STATES DISTRICT JUDGE

---

[2] *See Muth v. Fondren*, 676 F.3d 815, 822 (9th Cir.) (citing 28 U.S.C. § 2253(c)(1)(B)), *cert. denied*, – U.S. –, 133 S. Ct. 292 (2012); *see also* FED. R. APP. P. 22(b)(1) (if district judge denies COA, applicant may request COA from a circuit judge). Finally, petitioner "is not necessarily denied collateral review of the issues raised in the motion. He simply has to seek permission from the . . . Circuit before pursuing his claims in this Court." *United States v. Wilson*, 950 F. Supp.2d 90, 96 (D.D.C. 2013).

[3] *United States v. Estrada*, 2014 WL 5471044, *2-*3 (D. Idaho Oct. 28, 2014) (Winmill, C.J.).